Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 171 | **DATE** | 10/30/2001 |
| **CASE TITLE** | USA ex rel. Tyjuan Turner vs. William E. Boyd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The court denies Turner's petition for writ of habeas corpus.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 30 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/30/2001 date mailed notice | |
| ETV courtroom deputy's initials | | 01 OCT 30 PM | ETV mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. TYJUAN TURNER, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 01 C 171 |
| WILLIAM E. BOYD, | ) ) | Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On the evening of June 20, 1995, a crowd of about 30 people, including members of rival street gangs the Solid Four Corner Hustlers and the Gangster Disciples, gathered at 435 West Hickory in Chicago Heights, Illinois. A fist-fight erupted amongst individuals in the crowd. As the fight was winding down, three people pulled guns out of a bag and fired into the crowd. Shaquita Fleming, age 16, and Maurice Scott[1] were both wounded, Fleming fatally. A number of eyewitnesses identified Petitioner, Tyjuan Turner, as being one of the three who fired a gun into the crowd. Following a bench trial, Turner was convicted, on September 24, 1997, of first degree murder and of attempted first degree murder. The trial court sentenced Turner to 40 years in prison on the first degree murder charge, and six years in prison on the attempted first degree murder charge, the sentences to run consecutively. Turner, raising four arguments, appealed his conviction to the Illinois Appellate Court, which affirmed his conviction and sentence on May 25, 1999. Turner petitioned for leave to

---

[1] Maurice Scott's age is not clear from the record.

appeal to the Illinois Supreme Court on June 28, 1999. The Illinois Supreme Court denied Turner's petition for leave to appeal on October 6, 1999. Raising the same four arguments as he did on his direct appeal and petition for leave to appeal to the Illinois Supreme Court, Turner filed the instant petition for writ of habeas corpus with this court on January 8, 2001.

I.  **Procedural History**

Turner appealed his conviction and sentence to the Illinois Appellate Court, raising the following four arguments: (1) the government failed to prove Turner guilty beyond a reasonable doubt where the only eyewitnesses were impeached, biased and motivated to testify falsely; (2) the trial court improperly shifted the burden of proof where the trial court noted that none of the twenty or thirty witnesses in the crowd had come forward and identified Robert Johnson, rather than Turner, as the shooter; (3) the trial court improperly considered consequences implicit in the offense of murder as aggravation and failed to take rehabilitative potential into account when sentencing Turner to an excessive term of 46 years imprisonment; and (4) the mittimus must be corrected to reflect the trial court's actual findings and sentence. (Ex. B, Answer to Petition for Writ of Habeas Corpus (hereinafter "Answer to Petition"), *People v. Turner*, No. 95 CR 20771, Ill. App. Ct., 1st Dist., May 25, 1999 at 1-2.)

The Illinois Appellate Court affirmed Turner's conviction and sentence on May 25, 1999. (*Id.*) On Turner's first claim, the Appellate Court held that the bias and discrepancies noted by Turner in the eyewitnesses' testimony were not out of the ordinary, and did not destroy the witnesses' credibility, but rather, went to the weight

2

to be given their testimony by the trial judge. (*Id.* at 8.) The court concluded that there was sufficient evidence to find Turner guilty beyond a reasonable doubt. (*Id.*) In rejecting Turner's second claim, the Appellate Court ruled that the trial court judge's statement that no witness had come forward to say that Turner was not the shooter was merely a comment that there was no evidence to refute the government's proof of guilt, and did not represent a shift of the burden of proof to Turner to prove himself innocent, as he contends. (*Id.* at 10.) With respect to Turner's third claim, the Appellate Court found that the trial judge's mere mention of the victim's death while discussing the statutory factors in aggravation did not mean that the court considered it an aggravating factor. (*Id.* at 11.) Rather, the court found that the trial judge primarily considered the gang-related nature of the shootings and the need to deter such conduct as aggravating factors, and that, contrary to Turner's assertions, the trial judge did consider his rehabilitative potential. (*Id.* at 10-12.) The state conceded Turner's fourth claim, and the Appellate Court granted Turner's request to correct the mittimus as it erroneously stated that Turner had been convicted of two counts of first degree murder and aggravated battery with a firearm. (*Id.* at 12.)

Turner petitioned for leave to appeal to the Illinois Supreme Court, raising the first three of the claims he had raised before the Appellate Court. (Ex. C, Answer to Petition, Petition for Leave to Appeal, June 28, 1999.) The Illinois Appellate Court denied Turner's petition on October 6, 1999. (Ex. D, Answer to Petition, Judgment of the Illinois Supreme Court Denying Petition for Leave to Appeal, October 6, 1999.)

3

Turner filed the instant petition for writ of habeas corpus on January 8, 2001, raising the same four claims[2] he raised on direct appeal before the Appellate Court. (Petition.) For the following reasons, Turner's petition for writ of habeas corpus is denied.

II.   Non-Cognizable State Law Claim

A federal court can afford relief to a state prisoner on a habeas petition "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §§ 2254(a). *See Steward v. Gilmore,* 80 F.3d 1205, 1214 (7th Cir.1996). Before addressing the first two of Turner's claims, the court notes that in his third habeas claim, Turner asserts that the trial court failed to consider his rehabilitative potential and generally "failed to take care. . . to insure that the punishment was appropriate and just," when it sentenced him to a total of 46 years imprisonment. (Petition.) This claim, however, presents an issue of purely state law, and is not cognizable in a federal habeas corpus proceeding. *See Hite v. McBride,* 129 F.3d 1267 (7th Cir. 1997); *DelVecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1385 (7th Cir.1994) (en banc). A federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit. *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir. 1994); *Williams v. Duckworth,* 738 F.2d 828, 831

---

[2]   Turner does not explain why he again requested that the mittimus be corrected when the Appellate Court previously granted that relief. Because the requested relief has already been granted, and because this claim does not raise a constitutional issue, the court will treat its inclusion an oversight and decline to address it further.

4

(7th Cir.1984).

In this instance, Turner has made no showing, nor does the court find any indication in the record, that the sentencing court lacked jurisdiction to impose this term or committed a constitutional error making the sentence fundamentally unfair. *See Gleason*, 42 F.3d at 1112; *Bean v. United States*, 679 F.2d 683, 685 (7th Cir.1982). Illinois law allows the trial court to sentence a defendant convicted of first degree murder to a prison term of not less than 20 and not more than 60 years. 730 ILCS 5/5-8-1(a)(1)(a). For attempted murder, the sentencing range under Illinois law is not less than six and not more than 30 years. 730 ILCS 5/5-8-1(a)(3). Turner's 40-year sentence for first degree murder and six-year sentence for attempted murder were well within the statutory range. Nothing in this case justifies an exception to the rule of limited review of state sentencing determinations. Moreover, Turner presents no claim that his sentence is fundamentally unfair due to constitutional error. This claim is not cognizable on federal habeas corpus review, and therefore, the sentence will not be disturbed.

### III. Merits of Remaining Claims

#### A. Standard of Review

Turner avoided procedural default of his claims, but claims for federal habeas corpus relief face a strict standard of review on their merits. Under § 2254, a federal district court must deny habeas review for any claim the state court addresses on the merits unless that state decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

5

of the United States," 28 U.S.C. § 2254(d)(1); or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The "contrary to" provision refers to questions of law, and on such questions, a federal court makes a *de novo* review. *See Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). The "unreasonable application" exception pertains to mixed questions of law and fact. *Id.* at 870. A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case," or "if it is one of several equally plausible outcomes." *Boss v. Pierce*, 263 F.3d 734, 741 (7th Cir. 2001), *quoting Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997), and *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997). For purposes of habeas review, the state court's factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

B.  The Claims

The court will address Turner's two remaining claims on their merits. Turner claims that the State failed to prove him guilty beyond a reasonable doubt because the State's eyewitnesses were "entirely unworthy of belief" due to their prior convictions, prior inconsistent statements, and motive to fabricate testimony. (Petition.) The Illinois Appellate Court evaluated this argument on Turner's direct appeal and found it to be without merit. (Ex. B, Answer to Petition, *People v. Turner*, No. 95 CR 20771,

6

Ill. App. Ct., 1st Dist., May 25, 1999, at 8.) Although Turner raised numerous inconsistencies in the testimony and potential biases of the witnesses, the Appellate Court correctly noted that none of these factors "destroy[ed] the credibility of the witnesses," but rather, only went to the weight the trial judge gave their testimony. (*Id.*) Furthermore, the Appellate Court looked at the evidence mounted against Turner at his trial and found that, viewed "in the light most favorable to the State, . . . there was sufficient evidence for a rational trier of fact to find [Turner] guilty beyond a reasonable doubt." (*Id.*) The Supreme Court set the standard for evaluating challenges to the sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and the Illinois Appellate Court's language tracks that standard almost identically.[3] Turner goes no further than to argue that the eyewitness testimony was not credible. He does not contend, either directly or indirectly, that the court's application of the Supreme Court's precedent was either not "minimally consistent with the facts and circumstances of the case," or not "one of several equally plausible outcomes," nor would he have any basis upon which to do so. The court finds the Appellate Court's ruling with respect to the credibility of the witnesses and the sufficiency of the evidence to be entirely reasonable.

Finally, Turner argues that the trial court did not hold the State to its burden

---

[3] In *Jackson*, the Supreme Court instructed courts considering the sufficiency of the evidence, to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. 319; *United States v. McGiffen*, ___ F.3d ___, 2001 WL 1117258 (7th Cir., Sept. 21, 2001).

7

of proof, but instead, shifted the burden of proof to Turner to prove himself innocent. Turner bases this argument on the fact that, in finding him guilty, the trial judge noted that none of the witnesses to the shooting "came forward and said they got the wrong man and it wasn't the accused who was shooting." (Ex. B, Answer to Petition, *People v. Turner*, No. 95 CR 20771, Ill. App. Ct., 1st Dist., May 25, 1999, at 9.) The Appellate Court considered whether the trial court shifted the burden of proof to Turner and found that, to the contrary, the court considered all of the evidence and concluded it established Turner's guilt beyond a reasonable doubt. (*Id.* at 10.) The Appellate Court considered the trial judge's comment and concluded the trial court had merely pointed out that, even with those numerous witnesses, there was no evidence to counter the State's evidence of guilt. In the Appellate Court's view, this statement in no way represented a shift of the burden of proof to Turner. There is nothing to suggest that the Appellate Court's view of the situation was erroneous. Particularly in light of this court's finding with respect to the sufficiency of the evidence, Turner's bare allegation that the burden of proof was improperly shifted is unavailing. The court denies Turner's petition for writ of habeas corpus.

ENTER:

Dated: October 30, 2001

REBECCA R. PALLMEYER
United States District Judge